UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERY MARSHALL,

          Plaintiff,

    v.

JON BERWIN, *et al.*,

          Defendants.

Case No.  2:26-cv-0277-DAD-JDP (PS)

ORDER

Plaintiff brings this action against Jon Berwin, David Eurich, Car Max Superstore, Inc., and Becky Degeorge.  His claims, as articulated, are not cognizable.  I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below.  I will also grant plaintiff's *in forma pauperis* application, which makes the required showing.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff seeks 57 million dollars in damages for defamation, slander, and libel stemming from a police investigation into plaintiff's alleged "contractual auto application loan forgery" that occurred in 2024.  ECF No. 1 at 5.  Plaintiff claims that defendant Berwin, the general manager of an auto dealer, told a non-defendant officer Tom Christopher that plaintiff executed a car loan contract for $11,499, which plaintiff claims is untrue.  *Id.*

As an initial matter, the allegations in the complaint are too vague to proceed.  These limited allegations are insufficient to put defendants on notice of his claims and of the factual basis for them.  *See Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").  Factual specifics are needed.  Indeed, the complaint fails to allege any wrongdoing by the other three named defendants.

Further, the complaint asserts that this court has subject matter jurisdiction based on

2

federal question. *Id.* at 3. However, plaintiff has not alleged a federal claim; he has alleged only state law claims for defamation, slander, and liable.

Therefore, this court's jurisdiction depends on diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332; *see also Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016) ("For a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens of different states."). Diversity jurisdiction exists in all civil actions in which there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

However, the complaint fails to demonstrate that diversity jurisdiction is present. Plaintiff and three of the four named defendants are alleged to be citizens of California, *see* ECF No. 1 at 2-3, and the amount in controversy appears to be wanting. Plaintiff seeks 57 million dollars in damages but does not provide any allegations supporting that number. *Id.* at 5. Indeed, the complaint alleges that the contract at issue was only for $11,499, which is below the statutory amount. Thus, plaintiff's allegations fail to demonstrate that diversity jurisdiction has been satisfied.

The complaint is dismissed with leave to amend. Plaintiff may file an amended complaint that explains why, if at all, his claims should proceed. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within thirty days of this order's entry.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.


Dated:    April 21, 2026    

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE